IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01655-PAB-NYW

The Estate of JAMES ROEMER,

    Plaintiff,

v.

ALI SHOAGA, in his individual capacity,

    Defendant.

---

**~~PLAINTIFF'S PROPOSED~~ PROTECTIVE ORDER**

---

    The parties, through their respective counsel, hereby agree to the following Stipulated Protective Order and request that it be entered as an Order of the Court.

    Upon a showing of good cause in support of the entry of a protective order to protect the disclosure and discovery of confidential and security-sensitive documents and information in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure (collectively, "Disclosed Information").

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).

3. Any party providing Disclosed Information may designate such as CONFIDENTIAL. Any Disclosed Information designated "CONFIDENTIAL" shall be that in which a person or entity has (a) a statutory, regulatory, or common law right of privacy and the person or entity has not consented to disclosure of the private information; or (b) a vested interest in protecting against dissemination or disclosure of the Disclosed Information based on it being proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, prison safety and security, and similar information treated or considered by a Party, whether by policy or practice, to be proprietary. Disclosed Information designated as CONFIDENTIAL shall not be disclosed or used for any purpose except the preparation and trial of this case. Third-parties providing any Disclosed Information may designate such as CONFIDENTIAL per this Protective Order, and any party to this Protective Order may designate such as CONFIDENTIAL per this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. the parties;

    b. attorneys actively working on this case;

    c. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    d. expert witnesses and consultants retained in connection with this

      proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      e.      the Court and its employees ("Court Personnel");

      f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      deponents, witnesses and potential witnesses; and

      h.      other persons by written agreement of the parties.

      5.      A subset of CONFIDENTIAL information may be designated CONFIDENTIAL—ATTORNEYS' EYES ONLY. Specifically, that information to be designated CONFIDENTIAL—ATTORNEYS' EYES ONLY includes Disclosed Information, the dissemination or disclosure of which, would create a risk of threats, retaliation, or other harm to any person, or which, <u>after review by counsel of record and good faith certification pursuant to Rule 26(g),</u> could otherwise compromise prison safety and security. Any CONFIDENTIAL—ATTORNEYS' EYES ONLY information so designated shall not, without the consent of the party producing it or further Order of the Court, be disclosed except to:

      a.      attorneys actively working on this case;

      b.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; however, this does not include contract employees, other persons hired on a temporary basis, or outside agencies, organizations, or institutions; nor does it include any employee, agent, or representative of the Colorado Department of Corrections, including any party to this matter;

    c.    Court Personnel;

    d.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    e.    other persons by written agreement of the parties.

6.    Counsel who intend to use CONFIDENTIAL information (whether designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY) in court proceedings or in court filings must file such CONFIDENTIAL information under restrictive access, or otherwise restricted from public access, pursuant to D.C.COLO.LCivR 7.2. <u>Nothing in this Order will be construed as an Order restricting any document or information.</u>

7.    Prior to disclosing any CONFIDENTIAL information (whether designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY) to any person listed above in sections 4 or 5 (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.    Counsel for the party producing any CONFIDENTIAL information must place or affix on the document (in a manner that is readily noticeable but will not interfere with the document's legibility) the proper designation of either "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY".

9.    Counsel for the party producing any CONFIDENTIAL information shall review it and, prior to designating it as such, shall certify that the designation is based on

4

a good faith belief that it meets the requirements for such designation as defined in this Protective Order. Such certification shall include: 1) identification of the Bates number of a document(s) or other specific identifier of any information that is not a document that a party designates as CONFIDENTIAL; 2) a generic description of the contents of the Disclosed Information that does not reveal any CONFIDENTIAL information; 3) whether the party intends to designate the identified Disclosed Information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY; and 4) the specific basis for the CONFIDENTIAL designation. A sample log that may be used to provide this information that complies with the provisions of this Protective Order is attached hereto as **Exhibit A**.

10.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but counsel for a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

11.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party making the designation within 21 days of being notified of the designation. The written notice shall identify the CONFIDENTIAL information to which the objection is made and the basis for the objection. If the parties

cannot resolve the objection within 21 days after the notice is received, the party making the designation must move the Court to determine whether the purportedly CONFIDENTIAL information should be subject to this Protective Order. If such a motion is made within 21 days of receiving the notice of objection, the purportedly CONFIDENTIAL information shall be treated as such under this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the purportedly CONFIDENTIAL information shall lose its designation and shall not be treated as such under this Protective Order unless, a party moves the Court to determine otherwise. However, once such a motion is made, the purportedly CONFIDENTIAL information shall again be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY under this Protective Order until the Court rules on the motion. In connection with a motion made under this provision, the ~~moving~~ party <u>making the designation</u> shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL OR CONFIDENTIAL—ATTORNEYS' EYES ONLY.

    12. If a disclosing party produces Disclosed Information without designating it as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY but later determines the Disclosed information should have been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, the disclosing party shall promptly notify the other (or non-disclosing) party of the error and furnish properly designated copies. Upon receiving notice of the improperly-designated disclosure, the CONFIDENTIAL, the non-disclosing party shall threat all copies of the disclosed information as if they were originally designated as CONFIDENTIAL or

CONFIDENTIAL—ATTORNEYS ONLY, except that the deadlines for objections shall be calculated from the date of the notice to the non-disclosing party of the error.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof, including electronic copies, that have been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY, or the parties may elect to destroy CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY documents, including all electronic copies. Where the parties agree to destroy CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. By designating information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 16th day of February, 2016̶5̶.

BY THE COURT:

s/ Nina Y Wang
Nina Y. Wang
United States Magistrate Judge