IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01655-PAB-NYW

THE ESTATE OF JAMES ROEMER,

       Plaintiff,

v.

ALI SHOAGA, in his individual capacity,

       Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States
Magistrate Judge [Docket No. 124] filed on October 26, 2016.  Magistrate Judge Nina
Y. Wang recommends granting in part Plaintiff's Motion for Leave to File Amended
Complaint [Docket No. 99] to allow plaintiff to add claims against previously-dismissed
defendants Thomas Boyer and Chase Felzein as well as proposed defendants David
Johnson and Nathan Algien.  Docket No. 124 at 32.  On November 14, 2016, defendant
filed a timely objection.  Docket No. 126.  The Court has jurisdiction pursuant to 28
U.S.C. § 1331.

## I.  BACKGROUND

The factual and procedural history of this case are recited in the
Recommendation, Docket No. 124 at 1-7, and will not be repeated here other than the
following summary.

On June 13, 2012, Paul Farley strangled his cellmate, James Roemer, to death.

On June 12, 2014, Mr. Roemer's estate filed a complaint [Docket No. 1] alleging civil rights violations under 28 U.S.C. § 1983 against employees of the Colorado Department of Corrections ("CDOC") involved in allowing Mr. Farley to be housed with Mr. Roemer.  The Court dismissed claims against all but one of these individuals, Mr. Ali Shoaga.[1]  Docket No. 58.

With only Mr. Shoaga remaining as the sole defendant, on November 18, 2015, the magistrate judge entered a scheduling order setting various deadlines, including a January 4, 2016 deadline for joiner of parties and amendments to the pleadings. Docket No. 62 at 2.   Many disputes arose during the ensuing discovery.  Of relevance to this motion, plaintiff served written discovery on defendant and a Rule 30(b)(6) deposition notice on CDOC on November 25, 2015.  *Id.* at 4; Docket No. 99-3 at 8. Plaintiff's discovery requests and deposition notice sought information about the individuals and policies involved in the decisions leading to Mr. Farley becoming Mr. Roemer's cellmate.  *See, e.g.*, Docket No. 99-2 at 3; Docket No. 99-3 at 4, ¶¶ 5-10.  It took some time for plaintiff to receive this information, to the extent it was ever produced.  A Rule 30(b)(6) deposition of the CDOC occurred on April 19 and 29, 2016, but plaintiff sought additional information about the individuals involved in deciding Mr. Farley's housing and sought to reopen the Rule 30(b)(6) deposition.  Docket No. 124 at 6.  Following a July 8, 2016 discovery conference, the magistrate judge ordered defendant to produce "the names of the individuals and corresponding positions who may be responsible for the classification and placement of Mr. Farley" and granted

---

[1] The initial complaint misspelled defendant's name as "Showaga."  Docket No. 1.

2

plaintiff leave to take an additional individual deposition in lieu of reopening the deposition of the CDOC. *Id*. (quoting Docket No. 97 at 1).

On July 21, 2016, plaintiff filed the instant motion to amend that added claims against previously dismissed defendants Boyer and Felzein and new proposed defendants Johnson, Algien, Archuleta and Medina as well as three "Doe" defendants named only by title, Sterling Case Manager, Sterling Intelligence Officer, and Sterling Housing Lieutenant. Docket No. 99. On September 9, 2016 both parties filed cross-motions for summary judgment that will be resolved in a separate order. Docket Nos. 109, 110. On October 26, 2016, the magistrate judge recommended granting plaintiff's motion to amend in part to allow the addition of proposed defendants Johnson, Algien, Boyer, and Felzein; not allowing any further discovery; and, if the Court granted amendment, setting a dispositive motions deadline 30 days after the Court's decision. Docket No. 124 at 32. On November 11, 2014, defendant objected to the Recommendation insofar as it allowed the addition of defendants. Docket No. 126 at 2.

## II. ANALYSIS

### A.   Objection to the Motion to Amend

Plaintiff's motion to amend claims that, following the dismissal of the other defendants, "[i]t became clear that Defendant Shoaga intended to lay blame at others' feet." Docket No. 99 at 3. The motion then lays out plaintiff's efforts during discovery to determine the identity and positions of the CDOC employees who were involved in the decisions leading to Messrs. Roemer and Farley being housed together at the time of the murder. *Id*. at 4-7.

The Recommendation examines the procedural history of discovery disputes between the parties.  Docket No. 124 at 1-7.  In analyzing the history in relation to the requirements of Fed. R. Civ. P. 16(b)(4), Magistrate Judge Wang first concludes, based on her experience with the parties' discovery disputes, that plaintiff did not fail to act diligently.  Docket No. 124 at 23.  She finds good cause for amending because plaintiff learned the new information after the deadline to amend pleadings had passed.  *Id*. Turning to the requirements of Fed. R. Civ. P. 15(a), the magistrate judge finds the amendment was timely for the same reasons.  *Id*. at 25.  In addressing bad faith, she finds that the proposed amendments are made in good faith against individuals allegedly involved with Mr. Roemer's murder based on facts learned during discovery. *Id*. at 26-27.  On the issue of undue prejudice, Magistrate Judge Wang focuses on the potential prejudice to Mr. Shoaga and not the proposed defendants.  She finds "including additional Defendants will not affect how Defendant Shoaga defends himself in this case."  *Id*. at 28 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Addressing futility, the magistrate judge declines to address a potential statute of limitations defense that could be raised by the proposed defendants, concluding it would be better resolved by a dispositive motion.  *Id*. at 30.  In a ruling objected to by neither party, she also finds that it would be futile to add the three proposed John Doe defendants, Mr. Medina, and Mr. Archuleta because the amended complaint fails to state a claim against them.  *Id*. at 32.

### 1.  *Standard of Review*

As a threshold matter, the Court must first determine whether a motion to amend

is a dispositive motion.  *See* Fed. R. Civ. P. 72.  The Tenth Circuit has held that the list

of dispositive motions provided by 28 U.S.C. § 636(b)(1)(A) is not an exhaustive list of

the motions that must be reviewed as dispositive by a district judge.  *Ocelot Oil Corp. v.*

*Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  Rather, motions with dispositive

effect, even if not enumerated on the statutory list, are to be treated as dispositive if

they have dispositive effect.  *Id*.  Given the stage of the case and the time that has

passed since Mr. Roemer's murder, denial of the motion to amend would prevent

plaintiff from being able to sue the proposed defendants.  *See id*. ("The striking of

Ocelot's pleadings with prejudice means that Ocelot can no longer sue the Browns.

This sanction has the effect of dismissing Ocelot's action").  The Court will therefore

review the Recommendation as if it made a recommendation on a dispositive motion.

For dispositive motions, the Court must "determine de novo any part of the

magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P.

72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One*

*Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir.

1996).

Rule 15(a) generally addresses amendment of pleadings prior to trial and

provides that a court should "freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a)(2).  However, Rule 16(b) applies when the deadline for

amendment of pleadings as set in the scheduling order has passed. A scheduling order

deadline "may be modified only for good cause and with the judge's consent."  Fed. R.

Civ. P. 16(b)(4).   Thus, the requirements of both rules must be satisfied in the present

situation.  "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

### 2.   *Good Cause for Modification of the Schedule Under Rule 16(b)(4)*

"Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."  *Id*. (citation omitted).  Good cause does not exist where the plaintiff knew of the underlying conduct but failed to raise corresponding claims.  *Id*.

Defendant argues that the magistrate judge "misapplied Rule 16(b)(4) because she shifted the burden to the Defendant to affirmatively provide all information desired by Plaintiff, without requiring Plaintiff to have made diligent efforts to obtain it."  Docket No. 126 at 9 (citing Docket No. 124 at 15-16).  Defendant also argues that the magistrate judge improperly distinguished *Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07-cv-01723-WYD-CBS, 2010 WL 4818101 (D. Colo. Nov. 9, 2010), and *Pownell v. Credo Petroleum Corp.*, No. 09-cv-01540-WYD-KLM,  2011 WL 1656497 (D. Colo. May 3, 2011).  *Id*. at 12.  Defendant argues that *Lariviere* is indistinguishable because, as here, the factual basis underlying the claims was the same even if the claims were different.  *Id*.  As to *Pownell*, defendant repeats his arguments that plaintiff has not shown diligence.  *Id*. at 13.

Plaintiff responds by summarizing the Recommendation's analysis, which it

argues is proper.  Docket No. 128 at 9.  In plaintiff's view, the magistrate judge properly applied the law when she "acknowledged that Plaintiff must act diligently to seek information, that Plaintiff repeatedly sought information regarding others involved in the decision to house Farley in general population; that Defendant failed to provide such information 'when it was clear that Plaintiff was seeking such information'; and that it was not until the close of discovery that Defendant—pursuant to the court's order—provided that information."  *Id*. at 9-10 (quoting Docket No. 124 at 17-18) (footnotes omitted).  Plaintiff further argues that the magistrate judge properly distinguished *Lariviere* and *Pownell*, which are non-binding.  *Id*. at 11.

The Court acknowledges that the Recommendation's phrasing of its findings in the negative, i.e., "this court does not conclude that Plaintiff failed to act diligently," does not match Fed. R. Civ. P. 16(b)(4)'s affirmative requirement that the movant show good cause.  Docket No. 124 at 23; *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" (quoting *Pumpco*, 204 F.R.D. at 668) (alterations in the original)).  Nonetheless, the procedural history recounted and analyzed in the Recommendation shows that plaintiff was diligent in seeking the information it now deploys in presenting its claims in the amended complaint.  Docket No. 124 at 9-23.  Further, the Court agrees that *Lariviere* and *Pownell* are distinguishable for the reasons stated in the Recommendation and adopts the magistrate judge's reasoning.  *Id*. at 20-22.  The Court finds that plaintiff acted diligently and has shown good cause.  The Court will,

7

therefore, consent to granting the amendment to the scheduling order.

### 3.  Whether Amendment is Proper Under Rule 15(a)

Denial of leave to amend under Rule 15(a) is generally only "justified upon a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing

*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993));

*accord Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).  As a general rule, the

Court retains the discretion to permit such amendments.  *Minter v. Prime Equip. Co.,*

451 F.3d 1196, 1204 (10th Cir. 2006).   The Court must delineate its rationale if it

refuses leave to amend.  *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387

(10th Cir. 1987).

### a.  Undue Delay

Denial of leave to amend based on delay is appropriate "when the party filing the

motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206.

Defendant argues that there was undue delay because "Plaintiff did not conduct

discovery targeted at the information purportedly needed to amend the Complaint."

Docket No. 126 at 13-14.  This argument does not explain how the magistrate judge

was mistaken in stating, for example, "this court specifically recalls numerous rounds of

discovery disputes in which Plaintiff sought information regarding others who were

involved with the decision to house Mr. Farley and Mr. Roemer together, and who may

have been aware of Mr. Roemer's complaints regarding the placement."  Docket No.

124 at 17.  Magistrate Judge Wang did acknowledge that "that Plaintiff's Rule 30(b)(6) topics should have been better tailored and Plaintiff could also have utilized other discovery tools to ascertain the information that forms the basis of this proposed amendment."  *Id*.  The Court agrees, however, that the timing and contents of those requests was sufficient to show that plaintiff did not unduly delay.  *Id*. at 17-18, 22-23. Plaintiff began seeking the information relied on in its motion to amend months before the deadline to amend the pleadings and diligently pursued such information until, ultimately, the magistrate judge ordered production.  Docket No. 97; Docket No. 99-2 at 3; Docket No. 99-3 at 4, ¶¶ 5-10, *see also* Docket No. 124 at 13-22.  The Court finds no undue delay.

### b.  Bad Faith as to Felzein and Boyer

"Bad faith could include 'some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay.'" *Tenorio v. San Miguel Cty. Det. Ctr.*, 2016 U.S. Dist. LEXIS 107128 (D.N.M. Aug. 11, 2016) (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)). Defendant argues that the improper ulterior purpose of the motion to amend is "simply to expand the number of Defendants."  Docket No. 126 at 15.  Defendant provides no evidence for this motive, nor any rationale explaining why such a motive would exist or be improper.  *Id*.  Rather, it is much more likely that, as the magistrate judge found, the "proposed amendments 'are made in a good faith effort' to properly impose liability on all individuals that were involved with Mr. Roemer's untimely death."  Docket No. 124 at 26 (citing Docket No. 99 at 13).  The Court does not find bad faith.

### c.  Undue Prejudice

"Most often, [undue prejudice] occurs when the amended claims arise out of a
subject matter different from what was set forth in the complaint and raise significant
new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted).  Defendant argues
that the magistrate judge "erred in assessing the unfair prejudice of the proposed
amendment by limiting the Court's consideration solely to that of the prejudice to
Shoaga."  Docket No. 126 at 15.  Defendant argues that the proposed defendants
"have had no opportunity to engage in discovery regarding Plaintiff's claims against
them" and "Shoaga made expert witness disclosures without any knowledge that there
were claims against other defendants."  *Id*.  Nonetheless, defendant acknowledges that
the proposed defendants "are likely to be represented by the same counsel," but claims
"Shoaga's counsel proceeded through the entire discovery period without any
knowledge that the litigation interests of additional individuals needed to be protected."
*Id*.

Defendant's arguments ring hollow.  Defendant neither challenges the magistrate
judge's recommendation that there be no further discovery, nor points to anything he or
the proposed defendants would need to discover.  *Id*.  As such, the single case relied
on by defendant, *Jensen v. W. Jordan City*, 2015 WL 2384048 (D. Utah May 19, 2015),
is distinguishable.  The relevant issue is "whether the amendment will unfairly affect a
party's ability to prepare its defense."  *Id*. at *4 (citing *Patton v. Guyer*, 443 F.2d 79, 86
(10th Cir. 1971)).  In *Jensen,* the proposed defendants would have been hindered in
their ability to complete discovery.  *Id*.  But the potential for such prejudice is neither

10

apparent here nor supported in defendant's argument, which neither seeks an opportunity for discovery nor indicates any missing information. Rather, the issues raised in the amended complaint are essentially the same as those already present in the case, i.e., whether defendant and the proposed defendants' decisions about housing Mr. Farley violated Mr. Roemer's constitutional rights. *Minter*, 451 F.3d at 1208 ("While the two claims are different in form, there is a significant overlap in the factual underpinnings and defenses."). Indeed, defendant has much better access to information "regarding decisions that occur[ed] outside of the view of not only Plaintiff but the public generally" that would be relevant to any claim or defense. Docket No. 124 at 17. Perhaps defendant would have picked a different strategy had he expected that other defendants might be added to the case; however, such prejudice is not "undue" where, as here, defendant claimed others within the same organization (who are now proposed defendants) bore responsibility for the relevant decisions. The Court finds there would be no undue prejudice to defendant or the proposed defendants.

### d. Futility as to Algien and Johnson

As an initial matter, the Court considers whether to address futility based on the statute of limitations with respect to proposed defendants Algien and Johnson. The magistrate judge declined to reach this issue, reasoning that it would be more properly resolved by dispositive motions. Docket No. 124 at 30 (citing *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. Jun. 20, 2008)). Defendant argues that this approach is "neither fair nor more efficient" than taking up the issue now. Docket No. 126 at 3. Defendant objects that

adding the proposed defendants would be futile because the claims would not relate

back under Fed. R. Civ. P. 15(c) and, therefore, the proposed defendants would have a

statute of limitations defense.  *Id.*[2]  Plaintiff argues that consideration of these defenses

is improper at this time because "the statute of limitations is an affirmative defense that

can be raised only by the litigant to which it applies."  Docket No. 128 at 5 (citing

*Jenkins v. Duffy Crane and Hauling, Inc.*, No. 13-cv-00327-CMA-KLM, 2015 WL

6464437, *5 (D. Colo. Oct. 27, 2015)).

While the Court does not find error in the magistrate judge's decision not to

address futility, the Court will address the issue.  The issue has now been briefed by the

parties twice and the lawsuit has reached an advanced stage where further briefing

appears unlikely to further clarify the issue.  *See* Docket Nos. 101, 108, 126, 128.

Moreover, because the issue of knowledge can be resolved on the basis of constructive

knowledge, the record is sufficiently developed to address each of the elements of

relation back under Fed. R. Civ. P. 15(c).  Finally, while the statute of limitations is a

personal defense, the issue of futility is properly raised by defendant, who opposes

amendment.

The parties agree that the requirements of Fed. R. Civ. P. 15(c)(1) subsections

(A) and (B) are met.  *See* Docket No. 126 at 5-6.  Therefore, the remaining issue is

Fed. R. Civ. P. 15(c)(1)(C)'s notice requirement that where "the amendment changes

---

[2] In defendant's motion for summary judgment, defendant argues that plaintiff did not file the complaint within the statute of limitations because Mr. Roemer's claim accrued before he was murdered.  Docket No. 110 at 10.   Defendant does not raise this issue as part of his futility argument, instead arguing that the claims do not relate back to the complaint.  Docket No. 101 at 17-18.

the party or the naming of the party against whom a claim is asserted," that "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."   Plaintiff's civil rights claim under 42 U.S.C. § 1983 is subject to a two-year statute of limitations.  *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993) (citing Colo. Rev. Stat. § 13-80-102(1)(i)).  Thus, to satisfy Fed. R. Civ. P. 15(c)(1)(C)'s notice requirement, the proposed defendants must have either known or should have known about the claims against them within the time period for serving the complaint.

Plaintiff argues that this knowledge requirement can be satisfied under the theory of constructive knowledge, imputing notice through common counsel.  Docket No. 108 at 8-9 (citing, e.g., *Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *16 (D. Colo. Mar. 26, 2014)).  *Laratta* acknowledged that the Tenth Circuit has "not directly addressed whether notice may be imputed through counsel,"[3] but relies on authority from other circuits and other courts within the Tenth Circuit.  2014 WL 1237880, at *16 (citing *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994), and *Ennis v. HCA Health Services of Oklahoma, Inc.*, 2008 WL 2510101, at *4 n.3 (W.D. Okla. June 17, 2008)).  In *Laratta,* the court imputed constructive notice to employees of the CDOC not named in the initial complaint because they were

---

[3] This point appears to be moot in light of the Supreme Court's decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("*Krupski*"), relying in part on common counsel to find constructive knowledge.

employed by the same institution, represented by the same attorney, and one of the proposed defendants filled the same position as a party previously dismissed from the suit.  2014 WL 1237880, at *16.  The Court further found that a "mistake" included "cases in which a plaintiff knows of a party's existence but misunderstands the role a party played in the incident giving rise to her claim."  *Id*. (citing *Krupski*, 560 U.S. at 549).

Defendant acknowledges that, "as state employees, [the proposed defendants] will presumably be represented by [defendant's] undersigned counsel."  Docket No. 126 at 7.  But he argues that constructive knowledge cannot be applied to proposed defendants Algien and Johnson, who were not named in the initial complaint. Defendant first argues that the cases where constructive knowledge has been applied are distinguishable because proposed defendants "Johnson and Algien are not corporate entities or executive level staff members of a corporate or governmental entity – they are individual midlevel employees of a state agency."  *Id*.  Second, defendant argues that they work in different cities, in different jobs, and that "there is no other known association between them."  *Id*.  Defendant provides no authority that any of these considerations are relevant to constructive knowledge nor does he explain why they should be, particularly where knowledge is imputed via the institution's counsel. The institution at issue here, CDOC, is the same institution at issue in *Laratta*, 2014 WL 1237880, at *16, and the Court declines to draw arbitrary lines as to what level within an organization a counsel's constructive knowledge can extend.

Defendant next argues that "Defendant's counsel had no knowledge throughout the pendency of this case that there was any prospect that these individuals would be

14

named as Defendants in this case, have not been in contact with them, and have proceeded to defend this case assuming the only claim was that against Shoaga." Docket No. 126 at 7.  Finally, defendant argues that "a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party."  *Id*. at 8 (quoting *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)) (internal quotation marks omitted).

After the Tenth Circuit's decision in *Garrett*, the Supreme Court addressed what knowledge is relevant to the issue of relation back in *Krupski.*  It held that the "question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the proposed defendant] as the proper defendant, but whether [the proposed defendant] knew or should have known that it would have been named as a defendant but for an error."  *Krupski*, 560 U.S. at 548.  The Court went on to find the proposed defendant, represented by the same counsel as the named defendant, had constructive knowledge of the lawsuit, i.e., should have known, because the complaint made clear the plaintiff "meant to sue" the company that performed the roles alleged in the complaint.  *Id*. at 544, 554.  The Supreme Court explained how the imbalance of knowledge between the parties about the roles of the prospective defendants (due to similar names and the like) could have led the plaintiff to mistake the proper defendant for the lawsuit.  *Id*. at 556.

Applying the analysis from *Krupski* here, the Court finds that the proposed defendants should have known they were the proper subjects of the lawsuit.  The initial complaint, although failing to make specific allegations against certain individuals, did

15

make clear that it was challenging the administrative process that led Messrs. Farley and Roemer to be housed together at the time of the murder and named individuals alleged to be involved in that process.  *See* Docket No. 1 at 16-21, ¶¶ 64-92; *see also* Docket No. 58 at 19, 25-30.  Given this fact, defendant's claim that defense counsel never thought there was "any prospect that these individuals would be named as Defendants in this case" bears little weight.  Docket No. 126 at 7.  Rather, if defendant is correct that the information about Mr. Shoaga's role relative to others at CDOC was readily available at the time the lawsuit was filed, then the proposed defendants "should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  A plaintiff's misunderstanding of the roles played by various potential defendants is the type of mistake that *Krupski* discussed as allowing relation back.  *Krupski*, 560 U.S. at 549 ("Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence' giving rise to her claim. . . . The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.").

This is not to say that the holding of *Garrett* that a plaintiff cannot avoid the statute of limitations by naming "Doe" defendants is no longer good law.  362 F.3d at 696.  Other judges in this district have recognized that "*Krupski* does not appear to have rendered *Garrett* obsolete."  *Trujillo v. City & Cty. of Denver*, No. 14-cv-02798-RBJ-MEH, 2016 WL 5791208, at *9 (D. Colo. Sept. 7, 2016) (citing *Martinez v. Gabriel,* No.

16

10-cv-02079-CMA-MJW, 2012 WL 1719767, at *2 (D. Colo. May 15, 2012)).  Rather, *Krupski* shifts the focus from whether a plaintiff actually made a mistake, as the issue is phrased in *Garrett*, 362 F.3d at 696 ("a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake'") to whether the defendant should have known that a plaintiff made a mistake.  *Krupski*, 560 U.S. at 550 ("But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.").  Thus, relation back is allowed where the defendant should have known of the mistake at the time of filing and "the plaintiff learned through discovery that the named defendant did not have decision making authority regarding the alleged constitutional violation, and that the decision maker was someone else."  *Trujillo*, 2016 WL 5791208, at *9 (citing *Santistevan v. City of Colo. Springs*, No. 11-cv-01649-MEH, 2012 WL 280370, at *6 (D. Colo. Jan. 31, 2012)). Such is the situation here.  The complaint alleged defendant had authority regarding the alleged constitutional violation.  Docket No. 1 at 7-8, ¶ 19 and at 18-19, ¶¶ 80-81. Defendant has argued that he lacked such authority, which instead rested with proposed defendants Johnson and Algien.  Docket No. 110 at 22 ("the decision . . . was actually made by the facility administrative head, and then subject to review by offender services staff").  Through discovery, plaintiff has come to understand these individuals' roles.  Docket No. 99 at 9-10 (citing, e.g., Docket Nos. 99-6, 99-8, 99-9, 99-19). Accordingly, the Court finds that the motion to amend is not futile.

17

## B.  Unobjected-to Rulings

As for the unobjected-to portions of the Recommendation, in the absence of a

proper objection, the district court may review a magistrate judge's recommendation

under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167

(10th Cir. 1991); *see also Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear

that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a *de novo* or any other standard, when neither party objects to

those findings").  In this matter, the Court has reviewed the unobjected-to portions of

the Recommendation to satisfy itself that there is "no clear error on the face of the

record."[4]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  The Court finds no clear

error with respect to the magistrate judge's unobjected-to recommendations and will

accept them.  The Court will therefore adopt the magistrate judge's Recommendation

on the motion to amend [Docket No. 124].

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 124] is **ACCEPTED** and Plaintiff's Motion for Leave to File Amended Complaint

[Docket No. 99] is **GRANTED** in part and **DENIED** in part as set forth in the

Recommendation.  It is further

**ORDERED** that defendant's Objection to Recommendation Regarding Plaintiff's

---

[4] This standard of review is something less than a "clearly erroneous or contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo
review.  Fed. R. Civ. P. 72(b).

18

Motion for Leave to File Amended Complaint [Docket No. 126] is **OVERRULED**.  It is further

ORDERED that plaintiff shall file its amended complaint within seven days of the date of this order.


DATED March 31, 2017.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge